United States District Court
Southern District of Texas
**ENTERED**
June 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| VS. | § CRIMINAL ACTION NO. 4:06-CR-177 |
| | § |
| REFUGIO FERNANDEZ JR, *et al*, | § |
| | § |
| Defendants. | § |

### OPINION AND ORDER

Pending before the Court in the above-referenced cause are the following matters: (1) Movant Refugio Fernandez Jr.'s[1] ("Fernandez") § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 131); the Government's Response (Doc. 136); and (3) United States Magistrate Judge Frances Stacy's Memorandum and Recommendation (Doc. 133) that the motion be dismissed. After reviewing these materials and the applicable law, the Court adopts the Memorandum and Recommendation as its own and dismisses Fernandez's motion.

### I. Background

Fernandez pleaded guilty in 2006 to four counts of drug possession. He was sentenced to 235 months in prison and five years supervised release. In 2009, Fernandez filed a § 2255 motion to vacate (Doc. 93), which the Court denied (Doc. 110). Fernandez's current § 2255 motion claims that he was wrongfully sentenced under the Armed Career Criminal Act, which was declared unconstitutional by the Supreme Court's recent decision in *Johnson v. United States*, 136 S.Ct. 2551 (2015).

### II. Analysis

*A. Successive Motions*

Because Fernandez's present § 2255 motion was filed after a previous § 2255 motion, his

---
[1] Fernandez is currently a *pro se* litigant.

current motion is second or successive. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Under 28 U.S.C. § 2244 (b)(3)(A), where a § 2255 claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing it with the Court. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Fernandez's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Fernandez's § 2255 motion is **DISMISSED**.

   B. *Certificate of Appealability*

Under 28 U.S.C. § 2255(c)(1)(B), "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." *See also* Fed. R. App. P. 22(b)(1) ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."). Furthermore, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issue presented are adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where the district court denies a § 2255 motion on the merits, to warrant a certificate of appealability, a movant must be able to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). A district court may deny a certificate of appealability *sua sponte*. *Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008) (citing *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)).

Because Fernandez has failed to make a substantial showing of a denial of a constitutional right, i.e., one with which reasonable jurists could disagree, a certificate of appealability is **DENIED**.

### III. Conclusion

For the foregoing reasons, Fernandez's § 2255 motion is **DISMISSED** and he is **DENIED** a certificate of appealability. His motion to proceed *in forma pauperis* (Doc. 143) is **GRANTED**.

The Clerk is instructed to transfer Fernandez's § 2255 motion to the Fifth Circuit Court of Appeals as an unauthorized second or successive motion. *See In re Epps*, 127 F.3d 364, 365 (1997). The Clerk is further instructed to send to Fernandez copies of Documents 93, 107, 110, 131, and 133.

SIGNED at Houston, Texas, this 14th day of June, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE